UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

ASHLEIGH JEAN SUNDERLIN,

    Debtor.
_____/

Case No.  BL 14-06578
Chapter 13

ASHLEIGH JEAN SUNDERLIN,

    Plaintiff,

-vs-

NAVIENT SOLUTIONS, INC.,
WELLS FARGO, N.A.,
BOSTON PORTFOLIO ADVISORS, INC., and
TURNSTILE CAPITAL MANAGEMENT, LLC,

    Defendants.
_____/

Adversary Proceeding
No. 21-80010

## FIRST PRETRIAL ORDER

    A first pretrial conference respecting the above adversary proceeding took place in Lansing, Michigan, on October 5, 2021.  Appearing at the pretrial conference were:

Jeffrey D. Mapes, Esq., attorney for Plaintiff (by videoconferencing).

Steven J. Cohen, Esq., attorney for Defendant Navient Solutions, Inc.

Jonathan M. Sterling, Esq. attorney for Wells Fargo, N.A.

Gregory N. Blase, Esq., attorney for Wells Fargo, N.A. (by videoconferencing).

Defendants Boston Portfolio Advisors, Inc. and Turnstile Capital Management, LLC have not answered the Amended Complaint and did not appear at the pretrial conference.

Jurisdiction

Jurisdiction exists pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

The Plaintiff, Defendant Navient Solutions, Inc., and Defendant Wells Fargo, N.A. all consented to this bankruptcy court entering a final order on the record at the pretrial conference.

Issues

With regard to each of the loans identified in the Amended Complaint:

1. Is the Debtor-Plaintiff entitled to a declaratory judgment that the loans at issue do not fit within the exception to discharge set forth in 11 U.S.C. § 523(a)(8)(A)(i)?

2. Is the Debtor-Plaintiff entitled to a declaratory judgment that the loans at issue do not fit within the exception to discharge set forth in 11 U.S.C. § 523(a)(8)(A)(ii)?

3. Is the Debtor-Plaintiff entitled to a declaratory judgment that the loans at issue do not fit within the exception to discharge set forth in 11 U.S.C. § 523(a)(8)(B)?

4. Even if the loans are student loans under 11 U.S.C. § 523(a)(8), should they be discharged because repayment of the loans would impose an undue hardship on the Debtor-Plaintiff?

Navient Solutions, Inc.:

5. Defendant Navient admits that the Debtor-Plaintiff is indebted to it under the 3 loans identified in the amended complaint. It denies many of the other allegations and states that it does not have sufficient information to respond to others.

Wells Fargo:

6. Wells Fargo asserts several "affirmative defenses," which argue that its loans to the Debtor-Plaintiff are presumptively nondischargeable under 11 U.S.C. § 523(a)(8)(B) and § 523(a)(8)(A)(ii) and that the Debtor-Plaintiff has failed to establish that repayment of the loans would constitute an undue hardship.

Pleadings

At the pretrial conference, counsel for the Plaintiff informed the court that Younomics Private Student Loan Trust will be substituted for Turnstile Capital

Management, LLC, as a Defendant in this proceeding.  The parties shall file a stipulation effectuating that change.

Otherwise, all parties believe that the pleadings are now in order.

In the event that any party desires to file an amended pleading, such pleading shall only be filed upon stipulation by the other party (or parties) or pursuant to court order, after filing a motion to amend.

Discovery

Discovery in this adversary proceeding shall remain open until further order of the court.  A deadline for the completion of discovery will likely be established at the Second Pretrial Conference.

Discovery Motions

The court will not consider motions related to contested discovery unless, prior to the filing of the motion, the parties have conferred, through direct dialogue and discussion either in person or by telephone, and attempted to resolve their differences in good faith. Any discovery motion filed with the court shall include a statement of compliance with this requirement.  The statement must contain sufficient facts to allow the court to evaluate the adequacy of the parties' compliance or noncompliance with the meet and confer requirement.  Failure to satisfy the meet and confer requirement and/or failure to include a statement of compliance with the discovery motion may result in denial of the motion.

Settlement and Facilitative Mediation

The court encourages settlement and requires the parties to consider Alternative Dispute Resolution.  Specifically, the court encourages the use of a facilitative mediation option pursuant to this court's Alternative Dispute Resolution Program (the "ADR Program").  See Local Bankruptcy Rules 9019-1 through 9019-23.

The parties shall discuss facilitative mediation prior to the Second Pretrial Conference.  If the parties agree to facilitative mediation, both parties shall file a notice of same with the court on or before **December 31, 2021**.  Upon receipt of such a notice, the court shall enter a separate order referring the adversary proceeding to the court's ADR Program.  The order will likely adjourn the Second Pretrial Conference.

Rule 7026(f) Conference & Discovery Plan

The parties shall meet at least once in person or telephonically prior to the Second Pretrial Conference to discuss: (a) the nature and basis of their claims and defenses; (b) the possibility of a prompt resolution of the adversary proceeding; (c) what additional discovery may be needed and when discovery should be completed; (d) the disclosure

and preservation of discoverable evidence, including electronically stored information; and (e) arrangements for providing the disclosures required by Fed. R. Bankr. P. 7026(a)(1).

The parties shall file with the court a report, signed by all parties, outlining the discovery plan by no later than **December 31, 2021**. In accordance with Fed. R. Bankr. P. 7026(b)(1), the scope of discovery provided for in the discovery plan shall be proportional to the needs of the case.

<u>Subsequent Pretrial Conference Date</u>

A second pretrial conference will be held on **January 5, 2022, at 11:00 a.m.** at the United States Bankruptcy Court, U.S. Post Office & Courthouse Bldg., 315 W. Allegan, Room 101, Lansing, Michigan 48933.

*The parties may appear at the Second Pretrial Conference by Zoom videoconferencing, provided that they have complied with all provisions of this First Pretrial Order. Please review the "Remote Hearing Procedures" notice on the court's website for more information and log-in instructions: https://www.miwb.uscourts.gov/covid-19-notices.*

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon:

Jeffrey D. Mapes, Esq.
Steven J. Cohen, Esq.
Jonathan M. Sterling, Esq.
Gregory N. Blase, Esq.
Monette Cope, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Dated October 8, 2021



James W. Boyd
United States Bankruptcy Judge